BRYAN, Judge,
concurring specially.
I concur; however, I write specially regarding the argument addressed in part A of the main opinion. Specifically, I note that there exists a troubling inconsistency in the Alabama Parent-Child Relationship Protection Act (“the Act”), Ala.Code 1975, § 80-3-160 et seq.
Alabama Code 1975, § 30-3-150, provides:
“It is the policy of this state to assure that minor children have frequent and continuing contact with parents who have shown the ability to act in the best interest of them children and to encourage parents to share in the rights and responsibilities of rearing their children after the parents have separated or dissolved their marriage. Joint custody does not necessarily mean equal physical custody.”
Additionally, Ala.Code 1975, § 30-3-160, a portion of the Act, provides that the Act “promotes the general philosophy in this state that children need both parents, even after a divorce, established in Section 30-3-150[, Ala.Code 1975].” It is toward this clearly articulated purpose of the Act that § 30-3-169.4, another portion of the Act, provides for “a rebuttable presumption that a change of principal residence of a child is not in the best interest of the child.”
However, as noted in the main opinion, § 30-3-169.4 is not applicable to an initial custody determination. 18 So.3d at 399. Therefore, although § 30-3-150 and § 30-3-160 provide that the policy of this state is to “assure that minor children have frequent and continuing contact with parents who have shown the ability to act in the best interest of their children,” the rebut-table presumption found in § 30-3-169.4 that disfavors a change of principal residence of a child is extended only to those children whose custody has been determined by a prior court order. The legislature’s selective application of this rebutta-ble presumption stands contrary to the policy set forth in § 30-3-150 and § 30-3-160 because it does not promote Alabama’s policy that all children need both parents to be a part of their lives. It is illogical that, on the one hand, Alabama’s statutory scheme fails to provide a rebuttable presumption disfavoring a change of principal residence of a child where the child has not yet been the subject of a custody determination, when, on the other hand, Alabama’s statutory scheme does provide that such a presumption would apply, for example, in a situation where the child’s custodial parent *405 sought to change the child’s principal residence on the day following an initial custody determination. In that situation, how is it that a change in principal residence is presumed not to be in the child’s best interests on one day when the same could not have been said — according to Alabama law — on the previous day? Put another way, how can it be said that our state policy regarding the importance of maintaining the parent-child relationship is furthered by extending to one “class” of children — those who have been the subject of a prior custody determination — a rebutta-ble presumption disfavoring a change in principal residence while withholding that rebuttable presumption from those children who do not meet that criterion?
Perhaps the legislature will reconsider either its decision to provide the rebutta-ble presumption disfavoring a change of principal residence of a child only to those children whose custody has been determined by a prior court order or the state policy with regard to children, all children, needing both parents. Such considerations are solely in the province of the legislature, not the province of the courts. See Sears Termite & Pest Control, Inc. v. Robinson, 883 So.2d 153, 157 (Ala.2003) (quoting Ex parte Thicklin, 824 So.2d 723, 732 (Ala.2002), citing in turn Rogers v. City of Mobile, 277 Ala. 261, 281, 169 So.2d 282, 302 (1964)) (“ ‘The authority to declare public policy is reserved to the Legislature, subject to limits imposed by the Constitution.’ ”).
In the meantime, because the rebuttable presumption in § 30-3-169.4 does not apply in the case now before us, I am constrained to concur with the conclusion reached in part A of the main opinion.